**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CHRISTOPHER PEMENTAL**

    **VS**

**US BANK NATIONAL ASSOCIATION AS**
**TRUSTEE FOR THE HOLDERS OF**
**THE BEAR STEARNS ASSET BACKED**
**SECURITIES I TRUST 2004-AC6, ASSET BACKED CERTIFICATES,**
**SERIES 2004-AC6,**
**OCWEN LOAN SERVICING, LLC,**

## COMPLAINT

Christopher Pemental, by his attorney, complains of Defendants as follows:

1.      Plaintiff is a resident of State of Rhode Island. He owns the  real estate located at193 Sowams Road, Barrington, Rhode Island. He has a studio apartment in this multi unit property and uses it for his own personal use as his secondary address.

2.      Plaintiff executed a mortgage to Mortgage Electric Registration Systems, Inc. as nominee for Greenpoint Mortgage Funding, Inc. on September 10, 2004.   A copy is attached as Exhibit A.

3.      Defendant, US Bank National Association as Trustee for the Holders of the Bear Stearns Asset Backed Securities I Trust US Bank, Asset Backed Certificates Series 2004-AC6   ("US Bank")  claims to own Plaintiff's mortgage. US Bank is a business entity domiciled in a State other than Rhode Island  Ocwen Loan Servicing, LLC is a limited liability company, organized pursuant to the laws of Delaware. It is a debt collector and asserts that it is the loan servicer for the Plaintiff's mortgage. It is not a business entity domiciled in a state other than Rhode Island

4.      This Court has diversity jurisdiction due to the residency of the defendants outside the state of Rhode Island and the amount in controversy is greater than $75,000.00.

5.     Orlans Moran ("Orlans") on January 11, 2018, on behalf of Ocwen and US Bank mailed a Notice of Sale, pursuant to R.I.G.L. 34-27-4 scheduling a foreclosure sale for Plaintiff's property on March 5, 2018 as indicated by Exhibit B.  This notice was not sent to the property address.

6.      Neither US Bank, Ocwen nor any entity have sent Plaintiff a notice pursuant to the provisions of paragraph 22 of Plaintiff's mortgage and have not accelerated the note.  Plaintiff has never been sent a default notice from the owner of the note or any entity, which was mailed to the property address of 193 Sowams Road, Barrington, Rhode Island 02806.

7.     Before an acceleration of the loan was declared, the Lender was required to send Plaintiff a notice to 193 Sowams Road, Barrington, Rhode Island, which specified:

a.     the default;

b.     the action required to cure the default, stating a date, not less than 30 days from the date the default must be cured;

c.     that failure to cure the default on or before the date specified in the Notice may result in the acceleration and sale of my property

d.     the right to bring a court action to asset the non-existence of a default of Borrower to acceleration and sale.

8     Paragraph 22 of Plaintiff's mortgage, which contains conditions for the exercise of the statutory power of sale, reads as follows:

**Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The  notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other**

2

**defense of Borrower to acceleration and sale. If the default is not   cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15.  Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

9.      The provisions in paragraph 22 of the mortgage were a condition precedent to the exercise of the power of sale of the mortgage.  There was no compliance with the terms of the mortgage to exercise the statutory power of sale as indicated above.

10.      Any alleged exercise of the statutory power of sale to Plaintiff was defective because a default notice and a valid acceleration notice were never sent as required by paragraph 22 of the mortgage. A copy of the  only alleged default notice, dated April 22, 2014  which was mailed to PO Box 750, Bristol, RI 02809, is attached as Exhibit C.

11.      This purported default letter was sent to an address not designated by Plaintiff for notices pursuant to the terms of the mortgage.

12.      Paragraph 15 of Plaintiff's mortgage requires that any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.

13.      Paragraph 15 of Plaintiff's mortgage also requires that the Notice shall be the Property Address unless Borrower has designated a substitute notice address by notice to the lender. Plaintiff never designated a change of address to the lender and never sent a written notice to Ocwen or US Bank in which Plaintiff designated

PO Box 750 Bristol, RI 02809 or any other address other than the property address as his designated address for purposes of notices regarding this mortgage.

14.     The purported notice was not in conformity with the provisions of paragraph 22 of the mortgage.

15.     The purported notice did not state a specific date to cure the default. Instead it stated that the default had to be cured on or before May 29, 2014.

16.     The purported notice did not state that Plaintiff had the right to bring a Court action to assert the non-existence of a default or any other defense to acceleration and sale. Instead, it stated after referencing a foreclosure proceeding, which is a Judicial Foreclosure, that Plaintiff had a right to assert in Court such defenses.  It made no reference to the exercise of the statutory power of sale, which it is now seeking to do, nor that Plaintiff had the right to file a Court case.

17.     It did not state that if Plaintiff did not cure the default, that such failure may lead to acceleration and sale of the property.

18.     It did not state that after acceleration  Plaintiff had the unqualified right to reinstate the mortgage. Rather it stated that after acceleration, Plaintiff may have the right to reinstate the terms of the note and mortgage and it encouraged Plaintiff to review the provisions of the note and mortgage.

19.     A copy of the Notice of Sale was also mailed to Plaintiff's father's address at 13 Verdi Lane, Bristol, RI, 02809 and to property that Plaintiff owns at 19 Stanley Avenue, Barrington, Rhode Island  02806 and to PO Box 250 Bristol, Rhode Island 02809. None of these addresses have ever been designated by Plaintiff in writing to Ocwen or US Bank for mailing purposes pursuant to paragraph 15 or the mortgage.

20     Orlans has published  three advertisements of a foreclosure sale of the property in the Providence Journal.

21.     Plaintiff submitted a complete loss mitigation package to Ocwen on January 23, 2018.

22.     Plaintiff will be irreparably harmed if the foreclosure sale that is scheduled for March 5, 2018 at 10:00 AM by US Bank and Ocwen occurs and causes the sale of his property.

24    Plaintiff has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

25.    The failure of the Defendants to comply with the terms of the mortgage renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the contractual or statutory ability to conduct this foreclosure.

26.    These facts demonstrate that Plaintiff has a substantial likelihood of success.  Likewise a foreclosure of Plaintiff's property by a party not entitled to foreclose on the property will cause Plaintiff irreparable harm, which hardship is greater than any hardship, which may be claimed by defendants.

27.    Such relief sought by Plaintiff will not disserve the public interest if imposed.

28.    Since there has been no compliance with the terms of the mortgage, any exercise of the statutory power of sale will be void.

29.    The attorney for the Defendants has been notified of this Motion.

WHEREFORE, Plaintiff moves that this this Court:

a.    Grant a Temporary Restraining Order and Preliminary Injunction Restraining and Enjoining  US Bank, Ocwen and any other entity, acting on its behalf,  from conducting a foreclosure sale at 193 Sowams Road, Barrington, Rhode Island  or continuing or advertising a foreclosure sale, pending a hearing on a Preliminary  Injunction

b.    Grant a Preliminary Injunction Restraining and Enjoining  US Bank, Ocwen and any other entity,  acting on its  behalf,  from conducting a foreclosure sale at 193 Sowams Road, Barrington, Rhode Island  or continuing or advertising a foreclosure sale, pending a hearing on a Permanent  Injunction  without sending the Plaintiff a default notice  and acceleration notice as required by the terms of the mortgage.

c.    Award the Plaintiff actual damages and compensatory damages and Grant a Permanent Injunction Restraining and Enjoining US Bank, Ocwen  and any other entity,  acting on its  behalf,  from conducting a foreclosure sale at 193 Sowams Road, Barrington, Rhode Island  or continuing or advertising a

foreclosure sale, without sending the Plaintiff a default notice  and acceleration notice as required by the terms of the mortgage.

     d. awarding legal fees and costs against the Defendants for the violation of the terms of the mortgage.


March 1, 2018                    CHRISTOPHER PEMENTAL
                                       By his Attorney


                                     /s/ John B. Ennis
                                     JOHN B. ENNIS, ESQ., #2135
                                     1200 Reservoir Avenue
                                     Cranston, Rhode Island 02920
                                     (401) 943-9230
                                     jbelaw75@gmail.com


# COUNT I
# BREACH OF CONTRACT

30.    Paragraphs 1- 29 are incorporated by reference.

31.    Paragraph 22 of the mortgage provides that the Lender must send a notice of default which contains specific language as a condition precedent to acceleration and sale.

32.     Plaintiff was not sent a  default letter, which included language required by the terms of the mortgage from the lender or owner of the note or the mortgage or an agent indicating that it was acting on behalf of the lender or owner of the note and the mortgage.

33.    Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale and foreclose on the Plaintiff's property.

34.    This action constituted a breach of contract, resulting in damages to the Plaintiff, who hired an attorney to commence this case. In addition, the Plaintiff's mortgage loan account has been charged legal fees and costs for foreclosure expenses.

WHEREFORE, Plaintiff demands the following relief:

a.    Damages against US Bank National Association as Trustee for the Holders of the Bear Stearns Asset Backed Securities I Trust US Bank, Asset Backed Certificates Series 2004-AC6  and Ocwen Loan Servicing, LLC for failure to comply with the terms of the mortgage.

b.    Damages against US Bank National Association as Trustee for the Holders of the Bear Stearns Asset Backed Securities I Trust US Bank, Asset Backed Certificates Series 2004-AC6  and Ocwen Loan Servicing, LLC for legal fees and actual damages arising from the breach of contract.

c.    Legal fees from US Bank National Association as Trustee for the Holders of the Bear Stearns Asset Backed Securities I Trust US Bank, Asset Backed Certificates Series 2004-AC6  and Ocwen Loan Servicing, LLC pursuant to the provisions of R.I.G.L § 9-1-45.

d.    Damages for charges to his mortgage loan account which has been charged fees and costs which were not permitted without a valid  default notice and an acceleration notice.

e.    All other just and proper relief.

CHRISTOPHER PEMENTAL
By his Attorney


March 1, 2018                                     /s/ John B. Ennis_____
                                                 JOHN B. ENNIS, ESQ. #2135
                                                 1200 Reservoir Avenue
                                                 Cranston, Rhode Island 02920
                                                 (401) 943-9230
                                                 Jbelaw75@gmail.com

## COUNT II

## VIOLATION OF THE COVENANT OF GOOD FAITH AND DEALING

35.     Paragraphs 1-34 are incorporated by reference.

36.     The mortgage contract between Plaintiff and the mortgagee and its successor or assignee contained an implied covenant of good faith and dealing between the parties so that the contractual obligation of the contract might be achieved.

37.     The mortgage contract in paragraph 22 incorporates the Rhode Island Statutory Power of Sale.

38.     The Statutory Power of Sale could only be invoked by sending Plaintiff the following documents:

> a.     A default letter pursuant to the term of the mortgage was required to be sent by the lender to the mortgagor at the property address

> b.     A subsequent acceleration letter from the lender to the Plaintiff was required to be sent after a default letter.

> c.     A notice of sale from the lender

39.     US Bank National Association as Trustee for the Holders of the Bear Stearns Asset Backed Securities I Trust US Bank, Asset Backed Certificates Series 2004-AC6  and Ocwen Loan Servicing, LLC  violated the covenant of good faith and dealing by scheduling a foreclosure sale in violation of the terms of the mortgage by seeking to exercise the statutory power of sale without the lender having first sent a default notice to the Plaintiff, which contained language required by the terms of the mortgage.

40.     The failure to send a default notice pursuant to the terms of the the mortgage were  actions taken contrary to the contractual and statutory obligations of the parties.

41.     As a result, Plaintiff has incurred the following damages:

a.  Plaintiff has incurred the cost of filing this action in the form of filing fees and service fees, incurred in order to stop the foreclosure, which was in violation of the terms of the mortgage.

b.  Plaintiff's mortgage loan account has been charged fees and costs which were not permitted without a valid default letter having being sent to him.

c.  Plaintiff has incurred damages for Plaintiff aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless nights, worry and anxiety. He has incurred stress with mail advising him that his property will be sold at a public auction.

d.  Plaintiff has incurred attorney fees and costs to obtain an injunction to stop the illegal foreclosure.

e.  Plaintiff has  incurred attorney fees and costs for the prosecution of this action.

42.    The conduct of US Bank and Ocwen were willful, wanton and reckless, warranting the imposition of punitive damages. They ignored the clearly stated terms of the mortgage, but instead went forward and sought to exercise the statutory power of sale without a valid default notice having been sent to the Plaintiff.

43.    Defendants sought to exercise the statutory power of sale by scheduling a sale for November 28, 2016 based on the same purported default letter. This sale was enjoined by the Providence Superior Court.  Defendants were thus aware of the defective nature of the purported default notice before sending a Notice of Sale on January 11, 2018.

WHEREFORE, Plaintiff demands the following relief:

a.  Damages against US Bank National Association as Trustee for the Holders of the Bear Stearns Asset Backed Securities I Trust US Bank, Asset Backed Certificates Series 2004-AC6  and Ocwen Loan Servicing, LLC for failure to comply with the terms of the mortgage.

b.    Damages against US Bank National Association as Trustee for the Holders of the Bear Stearns Asset Backed Securities I Trust US Bank, Asset Backed Certificates Series 2004-AC6  and Ocwen Loan Servicing, LLC for legal fees and damages arising from the breach of contract.

c.    Legal fees from US Bank National Association as Trustee for the Holders of the Bear Stearns Asset Backed Securities I Trust US Bank, Asset Backed Certificates Series 2004-AC6  and Ocwen Loan Servicing, LLC.

d.    Damages for charges to Plaintiff's  mortgage loan account which has been charged fees and costs which were not permitted without a valid default notice.

e.    Actual damages attributable to the aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless nights, worry and anxiety and stress suffered by the Plaintiff.

f.    Damages for punitive damages

g.    All other just and proper relief.

CHRISTOPHER PEMENTAL
By his Attorney

March 1, 2018

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

## COUNT III

## INJUNCTIVE RELIEF

44.     Paragraphs 1-43 are incorporated by reference.

45.     Plaintiff will be irreparably harmed if the foreclosure sale on March 5, 2018 occurs and his property  is sold.

46.     Plaintiff has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

47.     The failure of the Defendants to comply with paragraph 22 of the mortgage renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the contractual or statutory ability.  This demonstrates that Plaintiff has a substantial likelihood of success.

48.      Likewise a foreclosure of Plaintiff's  property by a party not entitled to foreclose on the property will cause Plaintiff irreparable harm, which hardship is greater than any hardship, which may be claimed by Defendants.

49.     Such relief sought by Plaintiff will not disserve the public interest if imposed.

50.     The failure of the Defendant to comply with paragraph 22 of the mortgage renders any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the contractual or statutory ability.  This demonstrates that Plaintiff has a substantial likelihood of success.  Likewise a foreclosure of Plaintiff's property by a party not entitled to foreclose on the property will cause Plaintiff  irreparable harm, which hardship is greater than any hardship, which may be claimed by defendants. Such relief sought by Plaintiff will not disserve the public interest if imposed.

WHEREFORE, Plaintiff  demands that this Court:

a.     Grant a Preliminary Injunction Restraining and Enjoining US Bank National Association as Trustee for the Holders of the Bear Stearns Asset Backed Securities I Trust US Bank, Asset Backed Certificates Series 2004-AC6  and Ocwen Loan Servicing, LLC or any other entity acting on their behalf from conducting, advertising or continuing a  foreclosure  sale at 193 Sowams Road, Barrington, Rhode Island pending a hearing on a Permanent Injunction

b.     Grant a Permanent Injunction enjoining  US Bank National Association as Trustee for the Holders of the Bear Stearns Asset Backed Securities I Trust US

Bank, Asset Backed Certificates Series 2004-AC6 and Ocwen Loan Servicing, LLC or any other entity acting on their behalf from conducting, advertising or continuing a foreclosure sale at 193 Sowams Road, Barrington, Rhode Island until further Order of this Court.

c.      Award the Plaintiff actual damages and compensatory damages and legal fees and costs against the Defendants for scheduling a foreclosure sale without complying the terms of the mortgage

d.      Grant all other just and proper relief.


CHRISTOPHER PEMENTAL
By his Attorney


March 1, 2018                    /s/ John B. Ennis
                                JOHN B. ENNIS, ESQ. #2135
                                1200 Reservoir Avenue
                                Cranston, Rhode Island 02920
                                (401) 943-9230
                                Jbelaw75@gmail.com