UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHRISTOPHER PEMENTAL | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: 1:18-cv-00101-JJM |
| | : | |
| US BANK NATIONAL ASSOCIATION AS | : | |
| TRUSTEE FOR THE HOLDERS OF | : | |
| THE BEAR STEARNS ASSET BACKED | : | |
| SECURITIES I TRUST 2004-AC6, ASSET | : | |
| BACKED CERTIFICATES, SERIES 2004-AC6, | : | |
| AND OCWEN LOAN SERVICING, LLC, | : | |
| | : | |
| Defendants. | : | |

## ANSWER TO COMPLAINT

Defendants, U.S. Bank National Association as Trustee for the Holders of the Bear Stearns Asset Backed Securities I Trust 2004-AC6, Asset-Backed Certificates, Series 2004-AC6 ("U.S. Bank as Trustee") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, "Defendants"), responding to the *Complaint* of plaintiff Christopher Pemental ("Plaintiff") hereby answer and assert their affirmative defenses as set forth below:

1.	The Defendants admit that Plaintiff is the owner of real estate located at 193 Sowams Road, Barrington, Rhode Island.  Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remainder of the allegations in Paragraph 1 of the *Complaint*, and therefore leave Plaintiff to his proof.

2.	The Mortgage described in Paragraph 2 of the *Complaint* speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

AM 69686734.3

3.      The Defendants admit that U.S. Bank as Trustee owns the mortgage attached to the *Complaint* as Exhibit A. The Defendants further admit that Ocwen is a limited liability company, organized pursuant to the laws of Delaware, and that it is the loan servicer for the Plaintiff's mortgage. The Defendants deny the remaining allegations of Paragraph 3.

4.      Paragraph 4 of the *Complaint* contains legal allegations and conclusions that require no response; however, to the extent that a response is required, Defendants deny those allegations and leave Plaintiff to his proof.

5.      The Notice of Sale described in Paragraph 5 of the *Complaint* speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.  Defendants deny the remainder of the allegations in Paragraph 5 of the *Complaint*.

6.      Denied.

7.      Paragraph 7 of the *Complaint* contains legal allegations and conclusions that require no response; however, to the extent that a response is required, Defendants deny those allegations and leave Plaintiff to his proof.

8.      The Mortgage described in Paragraph 8 of the *Complaint* speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

9.      Paragraph 9 of the *Complaint* contains legal allegations and conclusions that require no response; however, to the extent that a response is required, Defendants deny those allegations and leave Plaintiff to his proof.

10.     Denied.

11.     Denied.

12.     The Mortgage described in Paragraph 12 of the *Complaint* speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

2

13.     The Mortgage described in Paragraph 13 of the *Complaint* speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents. Defendants deny the remainder of the allegations in Paragraph 13 of the *Complaint*.

14.     The Default Letter described in Paragraph 14 of the *Complaint* speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

15.     The Default Letter described in Paragraph 15 of the *Complaint* speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

16.     The Default Letter described in Paragraph 16 of the *Complaint* speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

17.     The Default Letter described in Paragraph 17 of the *Complaint* speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

18.     The Default Letter described in Paragraph 18 of the *Complaint* speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

19.     The Notice of Sale described in Paragraph 19 of the *Complaint* speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.  Defendants deny the remainder of the allegations in Paragraph 19 of the *Complaint*.

20.     The advertisements described in Paragraph 20 of the *Complaint* speak for themselves, and Defendants respectfully refer the Court to those documents themselves for their full and accurate contents.

21.     Denied.

22.     Denied.

[sic]

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

The prayer for relief set forth in the "WHEREFORE" clause following Paragraph 29, including subsections a-d, is not directed at Defendants, and thus no response is required thereto. To the extent that a response is required, Defendants deny that Plaintiff is entitled to any of the relief or damages sought in the *Complaint*.

## COUNT I
## BREACH OF CONTRACT

30.     Defendants incorporate by reference each of their responses to Paragraphs 1-29 of the *Complaint*.

31.     The Mortgage described in Paragraph 31 of the *Complaint* speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

32.     Denied.

33.     Denied.

4

34.     Denied.

The prayer for relief set forth in the "WHEREFORE" clause following Paragraph 34, including subsections a-e, is not directed at Defendants, and thus no response is required thereto. To the extent that a response is required, Defendants deny that Plaintiff is entitled to any of the relief or damages sought in the *Complaint*.

## COUNT II
## VIOLATION OF THE COVENANT OF GOOD FAITH AND DEALING

35.     Defendants incorporate by reference each of their responses to Paragraphs 1-34 of the *Complaint*.

36.     The Mortgage described in Paragraph 36 of the *Complaint* speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

37.     The Mortgage described in Paragraph 37 of the *Complaint* speaks for itself, and Defendants respectfully refer the Court to the document itself for its full and accurate contents.

38.     Paragraph 38 of the *Complaint* contains legal allegations and conclusions that require no response; however, to the extent that a response is required, Defendants deny those allegations and leave Plaintiff to his proof.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

The prayer for relief set forth in the "WHEREFORE" clause following Paragraph 43, including subsections a-g, is not directed at Defendants, and thus no response is required thereto.

To the extent that a response is required, Defendants deny that Plaintiff is entitled to any of the relief or damages sought in the *Complaint*.

## COUNT III
## INJUNCTIVE RELIEF

44.     Defendants incorporate by reference each of their responses to Paragraphs 1-43 of the *Complaint*.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

The prayer for relief set forth in the "WHEREFORE" clause following Paragraph 50, including subsections a-d, is not directed at Defendants, and thus no response is required thereto. To the extent that a response is required, Defendants deny that Plaintiff is entitled to any of the relief or damages sought in the *Complaint*.

## AFFIRMATIVE DEFENSES

Defendants set forth the following affirmative defenses and reserve the right to raise additional affirmative defenses that may become apparent during the course of discovery:

### First Affirmative Defense

Each count of the Complaint against Defendants fails to state a claim upon which relief may be granted.

## Second Affirmative Defense

The asserted claims are barred, in whole or in part, by the doctrines of waiver, estoppel, consent, and ratification.

## Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate, minimize, or avoid any damages sustained in connection with the underlying claims.

## Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the parol evidence rule to the extent that Plaintiff seeks to "alter, modify or contradict" the terms of the parties' written agreements.

## Seventh Affirmative Defense

The obligations of Defendants, if any obligations exist, are defined, limited, and controlled by the mortgage document, including the terms and conditions thereof.

## Eighth Affirmative Defense

Plaintiff has failed to allege damages.

## Ninth Affirmative Defense

Plaintiff has unclean hands in that the alleged circumstances arise from his own misconduct, fraud, or other malfeasance.

## Tenth Affirmative Defense

Defendants complied with all contractual terms applicable to it as regards Plaintiff.

## Eleventh Affirmative Defense

Plaintiff is in material breach of the relevant agreements.

## Twelfth Affirmative Defense

Plaintiff breached or caused to be breached the underlying mortgage.

## Thirteenth Affirmative Defense

Subsequent events have rendered the Plaintiff's claims moot or not ripe for adjudication.

## Fourteenth Affirmative Defense

The Plaintiff's damages, if any, are the result of the Plaintiff's own actions, failures and/or breaches.

## Fifteenth Affirmative Defense

The Plaintiff may not have or recover judgment because the purported damages are merely speculative, and Plaintiff has not suffered any damages.

## Sixteenth Affirmative Defense

Defendants reserve the right to assert such further Affirmative Defenses, the existence of which may become known during discovery, trial or otherwise.


WHEREFORE, the *Complaint* should be dismissed in its entirety with prejudice, Defendants should be awarded their attorneys' fees and costs in defending this action as allowed by law, and the Court should grant Defendants such other relief as it deems just and proper.

AM 69686734.3

Respectfully submitted,

US BANK NATIONAL ASSOCIATION AS
TRUSTEE FOR THE HOLDERS OF
THE BEAR STEARNS ASSET BACKED
SECURITIES I TRUST 2004-AC6, ASSET
BACKED  CERTIFICATES,  SERIES  2004-AC6,
AND OCWEN LOAN SERVICING, LLC

By their Attorneys,

/s/ Krystle G. Tadesse
Joseph A. Farside, Jr. (#7559)
Krystle G. Tadesse (#7944)
Jeffrey C. Ankrom (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI 02903-2499
401.274.9200
401.276.6611 (fax)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com
jeffrey.ankrom@lockelord.com

Date: July 30, 2018

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 30th day of July, 2018, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

/s/ Krystle G. Tadesse
Krystle G. Tadesse

9